JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Norman, Cuyahoga County Court of Common Pleas Case No. CR-411588, applicant was convicted of murder and having a weapon while under disability. This court affirmed that judgment in State v. Norman, Cuyahoga App. No. 80702, 2002-Ohio-6043. The Supreme Court of Ohio dismissed Norman's appeal to that court for the reason that no substantial constitutional question existed and overruled his motion for leave to appeal. State v. Norman, 98 Ohio St.3d 1511,2003-Ohio-1572.
 {¶ 2} Norman has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that Norman was denied the effective assistance of trial counsel (who did not request jury instructions on involuntary manslaughter and voluntary manslaughter as lesser included offenses of murder). We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming Norman's conviction was journalized on November 18, 2002. The application was filed on April 29, 2003, clearly in excess of the ninety-day limit. In the application, Norman states that — after this court remanded his case to the court of common pleas (for resentencing) — he was returned to the Cuyahoga County Jail on December 11, 2002 and did not return to the Mansfield Correctional Institution until February 18, 2003. In his sworn statement, Norman avers that the "Jail had no facility in which [he] could use to type out or research the proper case law needed to perfect [his] application for reopening." Sworn Statement, par. 1.
 {¶ 5} Norman's claim does not establish good cause for the delay in filing the application.
"[Applicant] also complains that he did not have ready accessto the prison law library. However, the courts have alsorepeatedly rejected the claim that limited access to legalmaterials states good cause for untimely filing. Prison riots,lockdowns and other library limitations have been rejected asconstituting good cause."
 {¶ 6} State v. Stearns (Feb. 14, 2002), Cuyahoga App. No. 76513, at 4 (citations deleted). In light of the well-established authority that limited access to legal materials or a library does not constitute good cause for the late filing of an application for reopening, we must conclude that the filing of Norman's application is untimely. Norman's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 7} Norman's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." Statev. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 8} New counsel, the State Public Defender, filed the notice of appeal to the Supreme Court of Ohio on behalf of Norman. This court has previously held that res judicata bars reopening when new counsel represents an applicant in an appeal to the Supreme Court of Ohio. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752, at 3-4. As noted above, the Supreme Court denied leave to appeal and dismissed the appeal. Because the Supreme Court of Ohio dismissed applicant's appeal, resjudicata bars further review of the claim of ineffective assistance of counsel. Kaszas, supra, at 4. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Norman's claim of ineffective assistance of appellate counsel.
 {¶ 9} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defenserequest for reopening under App.R. 26(B)(5). [Applicant] mustprove that his counsel were deficient for failing to raise theissues he now presents, as well as showing that had he presentedthose claims on appeal, there was a `reasonable probability' thathe would have been successful. Thus [applicant] bears the burdenof establishing that there was a `genuine issue' as to whether hehas a `colorable claim' of ineffective assistance of counsel onappeal."
 {¶ 10} Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 11} Norman asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that Norman was denied the effective assistance of trial counsel (who did not request jury instructions on involuntary manslaughter and voluntary manslaughter as lesser included offenses of murder).
"[E]ven though trial counsel did not seek instructions on either voluntary or involuntary manslaughter, appellate counsel was not deficient for failing to raise the issue of ineffective assistance of trial counsel. In State v. Griffie,74 Ohio St.3d 332, 333, 658 N.E.2d 764,1996-Ohio-71, the Supreme Court of Ohio ruled: `Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel.'
See, also, State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879,101 S.Ct. 227, 66 L.Ed.2d 102; State v. Langford, Cuyahoga App. No. 80753, 2003-Ohio-159, reopening disallowed 2003 Ohio 4173, Motion No. 347986; and State v. Young, Cuyahoga App. No. 79779, 2002-Ohio-1274. This is especially true if the defendant is offering a total defense, such as self-defense. See, State v.Reider (Aug. 3, 2000), Cuyahoga App. No. 76649, 2000 Ohio App. LEXIS 3513. Thus, appellate counsel in the exercise of professional judgment could easily conclude that framing the issue of the instructions on lesser-included offenses in terms of ineffective assistance of trial counsel would not be successful."
 {¶ 12} State v. Jones, Cuyahoga App. No. 80737, 2003-Ohio-4397, appeal denied by 2003-Ohio-6458, ¶ 8.
 {¶ 13} In this case, Norman's trial counsel — along with the counsel for his two co-defendants — had an extensive colloquy with the trial court. In addition to asserting self-defense, trial counsel requested that the trial court instruct the jury on reckless homicide (R.C. 2903.041) and negligent homicide (R.C.2903.05). The trial court refused to give the requested instructions. Trial Transcript, pp. 1424-1433. In light of trial counsel's pursuit of a strategy attempting to secure instructions on these charges, we cannot conclude that appellate counsel was ineffective for not asserting that trial counsel was ineffective for failing to argue that the trial court should have instructed the jury on involuntary manslaughter and voluntary manslaughter. Trial counsel pursued a trial strategy to secure instructions on alternative charges. In light of Jones, Norman has not met the standard for reopening.
 {¶ 14} Accordingly, the application for reopening is denied.
Ann Dyke and Frank D. Celebrezze, Jr., JJ., concur.