DECISION AND JUDGMENT
{¶ 1} This matter is before the court on the June 18, 2008 pro se application for reopening, pursuant to App. R. 26(B), filed by Jeremy J. Quinn, Jr. On December 12, *Page 2 
2005, following a jury trial, Jeremy J. Quinn, Jr., was found guilty of one count of kidnapping and six counts of rape, and sentenced to ten years on each count, to be served consecutively, for a total period of incarceration of 70 years. This court affirmed that judgment inState v. Quinn, 6th Dist. No. L-06-1003, 2008-Ohio-819, on February 29, 2008. Quinn did not appeal to the Supreme Court of Ohio.
 {¶ 2} App. R. 26(B)(1) requires that applications for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel "be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Clearly, the application was filed in excess of the 90-day limit. However, Quinn asserts that he has "good cause" for filing the application beyond the time limit. Specifically, Quinn states that he "tried to seek counsel to file this 26(B) and could not obtain one within the timely 90 days" and that he is in a maximum security prison and, therefore, has "very limited access to the law library to file this 26(B) before this court."
 {¶ 3} "The 90-day requirement in the rule is `applicable to all appellants.'" State v. Farrow, 115 Ohio St.3d 205, 2007-Ohio-4792, ¶ 6, citing, State v. Winstead (1996), 74 Ohio St.3d 277, 278. It is well-established that a lack of legal training, effort or imagination, and/or ignorance of the law, do not automatically establish good cause for failure to seek timely relief under App. R. 26(B). Farrow at ¶ 6;State v. Reddick (1995), *Page 3 72 Ohio St.3d 88, 91; and State v. Mosley, 8th Dist. No. 79463,2005-Ohio-4137, ¶ 4. It is also well-established that "limited access to legal materials or a library does not constitute good cause for the late filing of an application for reopening." State v. Norman, 8th Dist. No. 80702, 2004-Ohio-226, ¶ 6. Further, an applicant has no right to counsel in filing the application and, therefore, does not show good cause if he has no counsel to file a timely App. R. 26(B) application. State v.Hornack, 8th Dist. No. 81021, 2005-Ohio-5843, ¶ 3. See, also, State v.LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, ¶ 7.
 {¶ 4} Accordingly, we find that the grounds asserted by Quinn do not constitute good cause for the untimely filing of his application. Quinn's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See, e.g., State v. Woodey, 8th Dist. No. 90317, 2008-Ohio-2825, ¶ 9; and State v. Wright, 7th Dist. No. 03 MA 112, 2005-Ohio-4501, ¶ 3. Quinn's application to reopen his appeal is therefore denied.
 APPLICATION DENIED. *Page 4 
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1