[Cite as *State v. Quinn*, 2014-Ohio-5211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals Nos. L-14-1037
                                                                           L-14-1045
        Appellee

                                          Trial Court No. CR200502529

v.

Jeremy J. Quinn, Jr.                               **DECISION AND JUDGMENT**

        Appellant                          Decided:  November 21, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Jeremy J. Quinn, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Jeremy J. Quinn, Jr., appellant, appeals judgments of the Lucas County Court of Common Pleas filed on February 10 and 14, 2014, denying post judgment motions by Quinn in his criminal case.  In the February 10, 2014 judgment, the trial court denied Quinn's motion for leave to file a motion for a new trial.  In the February 14, 2014 judgment, the trial court denied Quinn's "motion to vacate void sentence."

**Case History**

{¶ 2} Quinn was convicted of one count of kidnapping (a violation of R.C. 2905.01(A)(4)) and six counts of rape (violations of R.C. 2907.02(A)(2)) based upon guilty verdicts returned by a jury at trial in November 2005 in the Lucas County Court of Common Pleas. The court filed its judgment of conviction and sentence in the case on December 9, 2005.

{¶ 3} Appellant made a direct appeal of the judgment. In a decision and judgment filed on February 29, 2008, this court affirmed. *State v. Quinn*, 6th Dist. Lucas No. L-06-1003, 2008-Ohio-819. The Ohio Supreme Court denied leave for further appeal on August 6, 2008. *State v. Quinn*, 119 Ohio St.3d 1410, 2008-Ohio-3880, 891 N.E.2d 770.

{¶ 4} Appellant filed an App.R. 26(B) application for reopening the direct appeal on June 18, 2008. We denied the application to reopen on July 17, 2008. *State v. Quinn*, 6th Dist. Lucas No. L-06-1003, 2008-Ohio-3579. Appellant filed a second App.R. 26(B) application for reopening on May 27, 2011. We denied the second application on July 28, 2011. *State v. Quinn*, 6th Dist. Lucas No. L-06-1003, 2011-Ohio-3717. The Ohio Supreme Court denied appellate review of the July 28, 2011 judgment on November 16, 2011. *State v. Quinn*, 130 Ohio St.3d 1440, 2011-Ohio-5883, 957 N.E.2d 301.

{¶ 5} Appellant pursued federal habeas corpus relief. In a January 18, 2012 judgment, the United States Court of Appeals for the Sixth Circuit ordered the grant of federal habeas corpus relief, requiring resentencing on *Blakely v. Washington*, 542 U.S.

2.

296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) grounds. *Quinn v. Ohio Dept. Rehab. and Corr.,* 6th Cir. No. 10-3490 (Jan. 18, 2012). Upon federal mandate, the trial court conducted a *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 resentencing hearing on August 8, 2012 to remedy *Blakely* sentencing errors. The trial court also filed a resentencing judgment on that date.

{¶ 6} Appellant appealed the resentencing judgment to this court. In a January 31, 2014 judgment, we affirmed. *State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340. We denied appellant's App.R. 26(B) application to reopen the resentencing appeal on May 8, 2014.

{¶ 7} Appellant filed both motions concerned in this appeal while the resentencing appeal was pending in this court. The motion for leave to file a motion for a new trial was filed on January 29, 2014. The "motion to vacate void sentence" was filed on February 11, 2014. Appellant filed timely appeals of the trial court judgments denying both motions. We have consolidated the appeals for proceedings in this court and placed them on the accelerated calendar.

{¶ 8} Appellant asserts two assignments of error:

> Assignment of Error No. 1. The trial court erred when denying appellant's motion for new trial, violating rights guaranteed within the State and Federal Constitution. (A) There was clear and convincing proof that appellant was prevented unavoidably from filing his motion for a new trial

3.

within the timeframe.  (B) The trial court erred in denying appellant's motion for a new trial creating a manifest miscarriage of justice.

Assignment of Error No. 2.  The trial court erred when denying appellant's motion for relief from judgment in not issuing findings of fact and conclusions of law, violating rights guaranteed within the State and Federal Constitutions.

### Denial of Leave to File Motion for New Trial

{¶ 9} Appellant argues that the trial court erred in failing to grant him leave to file a motion for a new trial.  Appellant contends that the motion should have been granted because he was provided ineffective assistance of counsel and because of claimed prosecutorial misconduct, under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in suppressing until trial the nature and results of DNA testing conducted by the state.  The grounds are interrelated.  Appellant contends that counsel was deficient in failing to object on *Brady* grounds to the state's failure to disclose before trial that DNA testing conducted by the state demonstrated the existence of seminal fluid in the alleged victim's vaginal vault and the fact that the state did not conduct DNA testing of the semen.

{¶ 10} The state argues that the motion for leave to file was properly denied because it was time barred under Crim.R. 33(B) and appellant failed to prove by clear and convincing evidence that he was unavoidably prevented from filing a motion for a new trial in a timely manner.

4.

{¶ 11} Crim.R. 33(A) sets forth six grounds on which a trial court may grant a defendant's motion for a new trial in a criminal case. Crim.R. 33(B) sets forth time limits for such motions and requirements to secure leave of court to file a motion for a new trial after the time limits set forth in the rule have expired. The jury returned its verdict in this case on November 15, 2005. The motion for leave to file a motion for a new trial was filed more than eight years after verdict.

{¶ 12} Where a motion for a new trial is based upon grounds set forth in Crim.R. 33(A)(1)-(5), the motion "shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived." Crim.R. 33(B). In order to file at a later time, the rule requires the defendant to establish "by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * within the time provided." *Id.*

{¶ 13} Motions for a new trial under Crim.R. 33(A)(6), based upon newly discovered evidence, "shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." *Id.* Such a motion may be filed at a later time where the defendant demonstrates "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely."

{¶ 14} For purposes of the rule, unavoidably prevented from filing a motion for a new trial means "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within

5.

the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 15} An appellate court reviews the denial of leave to file a motion for a new trial under Crim.R. 33 under an abuse of discretion standard. *State v. Willis,* 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 12. Appellant failed to argue in the trial court that he was unavoidably prevented from filing a motion for a new trial on a timely basis. He presented no evidence in support of such a claim. Facts showing the existence of the *Brady* issues concerning DNA testing were in evidence at trial.

{¶ 16} As appellant failed to establish by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the time provided under Crim.R. 33(B), we conclude that the trial court properly denied appellant leave to file a motion for a new trial.

{¶ 17} We find assignment of error No. 1 not well-taken.

{¶ 18} Assignment of error No. 2 concerns the trial court's denial of appellant's "motion to vacate void sentence," which was filed on February 11, 2014. Appellant argues that the motion constituted a petition for postconviction relief under R.C. 2953.21 and that the trial court erred in failing to issue findings of fact and conclusions of law in its judgment denying the motion. In the motion, appellant argued that his convictions are void on the basis that the jury verdict forms did not comply with R.C. 2945.75.

6.

**{¶ 19}** We have recognized that a failure to comply with the requirements of R.C. 2945.75 with respect to jury verdict forms does not render a sentence pursuant to the verdict void. *State v. Henson,* 6th Dist. Erie No. E-11-068, 2012-Ohio-3730, ¶ 18.

**{¶ 20}** The state argues that the petition for postconviction relief was properly denied because it was not filed within the 180 day period set forth in R.C. 2953.21(A)(2). The state also argues that the claimed error as to the jury verdict forms under R.C. 2945.75 could have been asserted on direct appeal in 2008, was not, and consequently is barred by res judicata. We agree.

**{¶ 21}** R.C. 2953.21(A)(2) requires that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The trial transcript in this case was filed on direct appeal on April 6, 2006. This application for postconviction relief was filed on February 11, 2014, more than seven years after the 180 day statutory period set forth in R.C. 2953.21(A)(2) expired.

**{¶ 22}** A trial court lacks jurisdiction to consider an untimely petition for postconviction relief, filed after the 180 day period, unless the delay in filing is excused under R.C. 2953.23(A). *State v. Guevara,* 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. Under R.C. 2953.23(A)(1) an exception allowing for late filing "if the petitioner can show that he was unavoidably prevented from discovery of the facts upon which the claim for relief is based and but for the constitutional errors, no reasonable

7.

factfinder would have found petitioner guilty. R.C. 2953.23(A)(1)(a) and (b)." *State v. Sandoval*, 6th Dist. Sandusky No. S-11-042, 2012-Ohio-5806, ¶ 5.

{¶ 23} R.C. 2953.23(A)(2) provides another exception with respect to DNA evidence in felony convictions that does not apply to this appeal. The grounds for which postconviction relief was sought in the February 11, 2014 motion concern claimed noncompliance of jury verdict forms with R.C. 2945.75.

{¶ 24} A trial court lacks jurisdiction to consider an untimely petition for postconviction relief, filed after the 180 day period, unless the delay in filing is excused under R.C. 2953.23(A). *Guevara* at ¶ 8. Accordingly, we conclude that the trial court did not err in denying appellant's February 11, 2014 motion seeking postconviction relief.

{¶ 25} Under such circumstances a trial court is not required to issue findings of fact and conclusions of law with respect to its denial of postconviction relief. The requirement under R.C. 2953.21(G) that a trial court file findings of fact and conclusions of law when a court denies a petition for postconviction relief is not applicable to the trial court's rejection of an untimely petition for postconviction relief under R.C. 2953.23. *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9, citing *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7.

{¶ 26} The doctrine of res judicata bars claims that were raised or could have been raised at trial or on direct appeal:

8.

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 27} Whether the jury verdict forms complied with statutory requirements is an issue that could have been raised on direct appeal. *State v. Henson*, 6th Dist. Erie No. E-13-029, 2013-Ohio-4833, ¶ 7. Accordingly, we conclude that assignment of error No. 2 is also barred by res judicata.

{¶ 28} We find assignment of error No. 2 not well-taken.

{¶ 29} As justice has been afforded the party appealing, we affirm the judgments of the Lucas County Court of Common Pleas. We order appellant to pay the costs of these appeals pursuant to App.R. 24.

Judgments affirmed.

State v. Quinn
C.A. Nos. L-14-1037
             L-14-1045

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.