[Cite as *State v. Quinn*, 2017-Ohio-8207.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Court of Appeals No. L-17-1170

Appellee

Trial Court No. CR0200502529

v.

Jeremy J. Quinn, Jr.

**DECISION AND JUDGMENT**

Appellant

Decided:  October 13, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Jeremy J. Quinn, Jr., pro se.

* * * * *

**SINGER, J.**

{¶ 1} This accelerated appeal is from a judgment of the Lucas County Court of

Common Pleas.  For the reasons that follow, we affirm.

{¶ 2} In July 2005, appellant, Jeremy Quinn, Jr., was indicted on one count of

kidnapping and six counts of rape.  The case proceeded to a jury trial and, on

November 16, 2005, the jury found appellant guilty on all counts. On December 9, 2005, the trial court accepted the verdicts and sentenced appellant to an aggregate period of 70 years incarceration.

{¶ 3} Appellant made a direct appeal of the December 2005 judgment. He set forth four assignments of error: (1) the verdicts were unsupported by sufficient evidence and against the manifest weight of the evidence; (2) the sentence imposed by the trial court was excessive and contrary to law when the sentence exceeded the minimum term of imprisonment on the basis of findings made by the trial court judge pursuant to a facially unconstitutional statutory sentencing scheme; (3) appellant was deprived of effective assistance of counsel; and (4) prosecutorial misconduct during the trial rendered appellant's trial fundamentally unfair and a new trial should be granted.

{¶ 4} Appellant did not raise the issue of merger in his original direct appeal, although he had unsuccessfully argued merger in the trial court. We affirmed appellant's convictions and sentence. *See State v. Quinn*, 6th Dist. Lucas No. L-06-1003, 2008-Ohio-819.

{¶ 5} On August 2, 2012, appellant was resentenced under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court reimposed the original 70-year aggregate sentence, and appellant appealed that judgment. *See State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340.

{¶ 6} In the third assignment of error in that appeal, appellant argued "the trial court erred by not merging the offenses of conviction for purposes of sentencing." We

2.

affirmed the judgment and specifically overruled that assigned error, holding that "res judicata remains a bar to consideration of merger of allied offenses in *Foster* resentencing." *Id*. at ¶ 17.

{¶ 7} On January 19, 2017, appellant filed a "Motion to Correct a Void Sentence pursuant to O.R.C. 2941.25," in which he claimed his convictions were void because "the trial court committed reversible error, by failing to conduct a merger hearing pursuant to Ohio Revised Code 2941.25, during the August 2, 2012 resentencing hearing." The state argued in response that appellant's challenge to merger was barred by res judicata and the law of the case doctrine. The trial court overruled appellant's motion on June 21, 2017, stating as follows:

> Before the court is Defendant's "Motion to Correct a Void
> Sentence," filed pro se January 19, 2017, and the state's response. The
> court construes this motion as a petition for post-conviction relief.
> Defendant argues that the trial court erred by failing to merge various
> findings of guilty. However, as pointed out by the state, Defendant argued
> these matters on appeal in 2013 in CL-2012-1242, and was unsuccessful.
> The law of the case doctrine thus applies, and Defendant's motion is
> denied.

{¶ 8} Appellant now appeals from that judgment setting forth the following assignments of error:

3.

I. The Trial Court Erred in it's (sic) Judgment dismissing Appellant (sic) Motion to Correct a Void Sentence in it's (sic) failure to conduct a Merger Hearing, making his sentence void and Contrary to Law.

II. The Trial Court Abused it's (sic) discretion during the August 2nd, 2012 resentencing hearing by sentencing Mr. Quinn without conducting a Merger Hearing.

{¶ 9} In both assigned errors we find appellant raises and appeals the issue of merger and, therefore, we will address and dispose of both assigned errors simultaneously.

{¶ 10} As previously noted, "[i]t is longstanding law in Ohio that 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.'" *See Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340, at ¶ 14. A "failure to raise merger on direct appeal would bar under res judicata consideration of the issue" beyond direct appeal. *Id.*, citing *State v. Rice*, 6th Dist. Lucas No. L-12-1127, 2012-Ohio-6250, ¶ 7.

{¶ 11} Furthermore, "*Foster* resentencing does not extend to include consideration of merger of allied offenses for purposes of sentencing and * * * res judicata remains a bar to consideration of merger claims at *Foster* resentencing." *Id*. at ¶ 16, citing *State v. Strickland*, 11th Dist. Trumbull No. 2012-T-0009, 2012-Ohio-5125, ¶ 12; *State v. Smith*, 3d Dist. Marion No. 9-11-36, 2012-Ohio-1891, ¶ 23-24; *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 11-13; *State v. Dillard*, 7th Dist. Jefferson No.

4.

08-JE-35, 2010-Ohio-1407, ¶ 22; and *State v. Martin*, 2d Dist. Montgomery No. 21697, 2007-Ohio-3585, ¶ 15. Accordingly, appellant's assignments of error are not well-taken.

## Conclusion

{¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                            _____
                                                           JUDGE

Arlene Singer, J.

                                                             _____

Christine E. Mayle, J.                             JUDGE
CONCUR.

                                                             _____
                                                             JUDGE