**[Cite as *State v. Quinn*, 2023-Ohio-1300.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-22-1135

     Appellee                                        Trial Court No.  CR0200502529

v.

Jeremy J. Quinn Jr.                              **DECISION AND JUDGMENT**

     Appellant                                       Decided: April 21, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal filed by appellant, Jeremy Quinn, from the May 20, 2022

judgment of the Lucas County Court of Common Pleas denying his motion to vacate

sentence.  For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** Quinn sets forth two assignments of error:

1. The trial court committed plain error when it re-sentenced appellant de novo to seven (7) consecutive ten (10 year) sentences of incarceration in response to a federal sentencing mandate, arguably without making the specific findings required pursuant to R.C. 2929.14(4)(C) in support of consecutive sentences, such that the sentence is contrary to law, and reviewable pursuant to R.C. 2953.08(G). [sic]

2. This matter must be remanded for resentencing because the trial court arguably committed plain error by allowing the file copy of the presentence investigation and the official (signed) copy of the transcript of the resentencing hearing (August 2012) to be removed from the court's official file, such that the matter must be remanded for resentencing, including the preparation of a new pre-sentence investigation, in order to create a complete file, and for findings which clearly support the court's sentence. [sic]

## Background

**{¶ 3}** The facts relevant to this appeal are as follows.

**{¶ 4}** On the afternoon of July 18, 2005, a man kidnapped a young lady from her driveway as she was getting into her car. He drove her a short distance away, then repeatedly raped her. He ultimately got out of her car, and she drove home.

{¶ 5} On July 21, 2005, with regard to the above crimes, Quinn was indicted on one count of kidnapping and six counts of rape. A jury trial was held in November 2005, following which Quinn was found guilty of all seven counts. In December 2005, Quinn was sentenced to 10 years for each of the seven counts, to be served consecutively, for a total of 70 years in prison. Quinn appealed; we affirmed. *State v. Quinn*, 6th Dist. Lucas No. L-06-1003, 2008-Ohio-819.

{¶ 6} On August 2, 2012, pursuant to a mandate from the United States District Court for the Northern District of Ohio, Eastern Division, Quinn was resentenced by the trial court to 10 years for each of the seven counts, to be served consecutively, for a total of 70 years in prison. Quinn appealed. On January 2, 2013, the trial transcript was filed in Quinn's direct appeal. On January 31, 2014, we affirmed the trial court's judgment. *State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340.

{¶ 7} On February 11, 2014, Quinn filed, in the trial court, a motion to vacate sentence. On February 14, 2014, the trial court denied the motion. Quinn appealed; we affirmed. *State v. Quinn*, 6th Dist. Lucas No. L-14-1037, 2014-Ohio-5211.

{¶ 8} On January 19, 2017, Quinn filed, in the trial court, a motion to correct a void sentence. On June 22, 2017, the trial court denied Quinn's motion. Quinn appealed; we affirmed. *State v. Quinn*, 6th Dist. Lucas No. L-17-1170, 2017-Ohio-8207.

{¶ 9} On April 12, 2018, Quinn filed, in the trial court, a motion to correct an illegal sentence. On May 10, 2018, the trial court denied Quinn's motion.

3.

{¶ 10} On November 26, 2019, Quinn filed, in the trial court, a motion to vacate or set aside conviction. On December 11, 2019, the trial court denied Quinn's motion. Quinn appealed; we issued a judgment entry affirming the trial court's judgment.

{¶ 11} On May 9, 2022, Quinn filed, in the trial court, a motion to vacate sentence for failure to comply with R.C. 2929.14(C). On May 20, 2022, the trial court denied the motion finding the matters raised in the motion were barred by the doctrine of res judicata, and alternatively, the motion, which would be construed as a motion for postconviction relief, was not timely filed. Quinn appealed.

## First Assignment of Error

{¶ 12} Quinn argues that when he was resentenced on August 2, 2012, the trial court committed plain error when it sentenced him to seven consecutive ten-year prison sentences without adequately stating one of the three enumerated reasons for imposing consecutive sentences, pursuant to R.C. 2929.14(C)(4) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659. Quinn submits without the specific findings required by R.C. 2929.14(C)(4), the sentences imposed by the trial court on August 2, 2012 are not supported by the record, pursuant to R.C. 2953.08.

{¶ 13} The state counters the trial court properly reimposed consecutive sentences, and the record does not support Quinn's claim that his sentence is invalid. The state also asserts Quinn's claim is barred by the doctrine of res judicata.

4.

**Law**

{¶ 14} R.C. 2953.21, concerning petitions for postconviction relief, states in relevant part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

* * *

(2)(a) * * * [A] petition under division (A)(1)(a)(i) * * * of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *[.]

{¶ 15} In *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997), the Supreme Court of Ohio set forth "where a criminal defendant, subsequent to his * * * direct appeal, files a motion seeking vacation or correction of his * * * sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."

{¶ 16} Postconviction review is a narrow remedy and res judicata bars any claim which was raised or could have been raised on direct appeal. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from the judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from the judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

### Analysis

{¶ 17} Upon review, we find Quinn's motion to vacate sentence is, in fact, a motion for postconviction relief, which was not timely filed. The record shows Quinn was resentenced in 2012, he filed a direct appeal, and the trial transcript was filed in his direct appeal on January 2, 2013. Pursuant to R.C. 2953.21(A)(2)(a), Quinn had to file his motion for postconviction relief no later than 365 days after the trial transcript was filed in his direct appeal, which would have been by January 2, 2014. Quinn filed his motion to vacate sentence on May 9, 2022, well outside of the 365-day window.

{¶ 18} We further find the arguments contained in Quinn's motion to vacate sentence, which we treat as a motion for postconviction relief, were raised or could have been raised on direct appeal, and are barred by the doctrine of res judicata. Lastly, we find the trial court did not err when it denied Quinn's motion on the grounds that the

6.

matters raised in Quinn's motion were barred by the doctrine of res judicata, and the motion, construed as a motion for postconviction relief, was not timely filed. Accordingly, we find Quinn's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 19} Quinn argues that when he was resentenced on August 2, 2012, the trial court committed plain error when it stated he committed new felonies while still on parole for his juvenile adjudications. Quinn also contends he was never on parole.

{¶ 20} In addition, Quinn claims the presentence investigation report ("PSI") ordered in 2005 cannot be located, and the loss of the PSI is plain error by the trial court. Quinn also asserts that a copy of the official, signed transcript from the August 2, 2012 resentencing hearing was not in the court file and it appears the official transcript was not properly filed with the court, which is plain error by the trial court.

{¶ 21} The state advances several arguments, including Quinn's claims are barred by the doctrine of res judicata.

## Analysis

{¶ 22} Upon review, as we determined in our analysis of Quinn's first assignment of error, Quinn's motion to vacate sentence is a motion for postconviction relief, which was not timely filed.

{¶ 23} We find, as we did above, that the arguments contained in Quinn's motion to vacate sentence, which we treat as a motion for postconviction relief, were raised or could have been raised on direct appeal, and are barred by the doctrine of res judicata.

7.

We further find the trial court did not err when it denied Quinn's motion, finding the matters raised in Quinn's motion were barred by the doctrine of res judicata, and the motion, construed as a motion for postconviction relief, was not timely filed. Accordingly, we find Quinn's second assignment of error is not well-taken.

{¶ 24} The May 20, 2022 judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, Quinn is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.              _____
                                                 JUDGE
Myron C. Duhart, P.J.          

                                      _____
Charles E. Sulek, J.               JUDGE
CONCUR.

                                      _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.