[Cite as *State v. Johnson*, 2025-Ohio-5449.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-25-00017

    Appellee                              Trial Court No. CR0200603545

v.

Tyrone R. Johnson                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  December 5, 2025

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor and
Randy L. Meyer, Esq., Assistant Prosecutor for appellee.

Tyrone R. Johnson, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Tyrone R. Johnson appeals the judgment of the Lucas County

Court of Common Pleas, which denied his petition for postconviction relief.  For the

reasons that follow, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} In 2007, a jury convicted Johnson of two counts of murder and one count of aggravated robbery, each with a firearm specification. This court affirmed his convictions on appeal in *State v. Johnson*, 2009-Ohio-45 (6th Dist.). Since then, Johnson has filed numerous postconviction motions that have been rejected by the trial court and affirmed on appeal.

{¶ 3} Relevant here, on March 18, 2020, Johnson filed a "Motion to Correct Illegal Trial Court's Lack of Subject Matter Jurisdiction Defined by Crim.R. 3." In his motion, Johnson argued that the original criminal complaint was invalid under Crim.R. 3. He further argued that the detective who signed the complaint testified that there was no direct evidence linking Johnson to the crime.

{¶ 4} The State moved to dismiss Johnson's motion on April 6, 2020, arguing that it was an untimely and successive petition for postconviction relief.

{¶ 5} On April 16, 2020, Johnson filed his reply, which he titled "Defendant's Motion in Opposition Motion to Dismiss/Motion for Summary Judgment/Answer." In his reply, Johnson additionally raised a speedy trial argument. In both his original motion and his reply, Johnson asserted that his constitutional rights were violated.

{¶ 6} The trial court did not rule on the matter until January 3, 2025, when it denied Johnson's motion. The trial court reasoned that the motion was an untimely petition for postconviction relief. Additionally, the trial court found that Johnson's

2.

alleged Crim.R. 3 violations were moot because he was indicted by the Lucas County Grand Jury.

## II. Assignments of Error

{¶ 7} Johnson timely appeals pro se the trial court's January 3, 2025 judgment, asserting verbatim the following two "Propositions of Law" for review:

> 1. Fourth Amendment, a pretrial detention counts as an unreasonable seizure, and is so illegal, unless based on probable cause.
>
> 2. The trial court violated Tyrone Johnson's speedy trial violation as defined by R.C. 2945.71(E) and R.C. 2945.72(H).

Johnson's "Propositions of Law" will be addressed together.

## III. Analysis

{¶ 8} In his first proposition, Johnson argues that his pretrial detention was an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution because it was not based on probable cause. In particular, he alleges that the detective who signed the criminal complaint admitted at the suppression hearing that he did not have any direct evidence that Johnson murdered the victim but instead relied on hearsay statements. In his second proposition, he claims the trial court was without jurisdiction to try and convict him because his speedy trial rights were violated.

{¶ 9} Johnson's arguments address the merits of why he believes his constitutional rights were violated. He does not present any argument relative to the trial court's finding that his motion was an untimely postconviction petition.

3.

{¶ 10} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus; *State v. Quinn*, 2023-Ohio-1300, ¶ 15, 17 (6th Dist.).

{¶ 11} R.C. 2953.21(A)(2)(a) provides that the petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."[1] "A trial court does not have subject-matter jurisdiction to adjudicate a postconviction petition that is untimely—i.e., filed outside the statutory deadline under R.C. 2953.21(A)(2)—or successive—i.e., a second or subsequent petition." *State v. Johnson*, 2024-Ohio-134, ¶ 10, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36, 38.

{¶ 12} R.C. 2953.23(A)(1) provides one exception to this time limit where both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

---

[1] At the time Johnson filed his petition, the time limit was 180 days. The difference is not consequential in this case because Johnson's petition is untimely by a number of years.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

*See Johnson* at ¶ 10.

{¶ 13} "[W]hether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law, which we review de novo." *State v. Hatton*, 2022-Ohio-3991, ¶ 38, citing *Apanovitch* at ¶ 24; *Johnson* at ¶ 11.

{¶ 14} Here, in support of his claims, Johnson cites facts that would have been known to him before his trial. Specifically, his claim of an unreasonable seizure is based on testimony taken at a suppression hearing in February 2007, and his claim of a speedy trial violation necessarily must rely on facts occurring prior to the trial. Johnson presents no argument that he was unavoidably prevented from the discovery of these facts, many of which he has already raised in earlier postconviction petitions. He, therefore, cannot demonstrate that he meets the exception under R.C. 2953.23(A)(1)(a).

{¶ 15} Accordingly, because Johnson filed an untimely postconviction petition, and because he failed to meet the requirements of R.C. 2953.23 for doing so, the trial court did not err when it summarily denied his petition without a hearing.

{¶ 16} Johnson's "Propositions of Law" are not well-taken.

5.

## IV. Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Johnson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.