[Cite as *State v. Young*, 2017-Ohio-4476.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-16-003

        Appellee                                   Trial Court No. 2015-CR-013

v.

Randal Young                                          **DECISION AND JUDGMENT**

        Appellant                                  Decided:  June 23, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jonathan M. McGookey, Assistant Prosecuting Attorney,
for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 15, 2015 judgment of the Erie County

Court of Common Pleas, which, following jury trial, convicted appellant, Randal Young,

of one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first

degree, one count of theft in violation of R.C. 2913.02, a felony of the fifth degree, one count of safecracking, in violation of R.C. 2911.31, a felony of the fourth degree, one count of felonious assault, in violation of R.C. 2903.11, a felony of the third degree, one count of weapons under disability, in violation of R.C. 2923.13, a felony of the second degree, one count of safecracking, in violation of R.C. 2911.31, a felony of the fourth degree, one count of vandalism, in violation of R.C. 2909.05, a felony of the fifth degree, one count of theft in violation of R.C. 2923.02, a misdemeanor of the first degree, and one count of possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.  In addition, appellant was found to be a repeat violent offender.  Appellant was sentenced to a total term of incarceration of 36 years.  For the reasons set forth below, this court affirms the judgment of the trial court, in part, and reverses it, in part.

{¶ 2} Appellant sets forth the following two assignments of error:

1. APPELLANT RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION

2. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN PERMITTING THE JURY TO DETERMINE THE EXISTENCE AND NATURE OF APPELLANT'S PRIOR CONVICTION FOR AN OFFENSE OF VIOLENCE, IN VIOLATION OF R.C. 2941.149

{¶ 3} The following undisputed facts are relevant to this appeal. On December 29, 2014, appellant relocated from Memphis, Tennessee to Sandusky, Ohio. Appellant moved into the Sandusky apartment of co-defendant, Thaddious Jefferson, and his girlfriend. The record shows that appellant possessed multiple convictions for aggravated robbery and was well known by law enforcement agencies in Tennessee.

{¶ 4} At approximately midnight on December 31, 2014, Joshua McDowell and Tom Ewald, two Shell gas station employees, were transferring cash from the register into the store safe. While McDowell had his back turned towards the register, a masked man entered the station, pointed a gun at McDowell, and ordered him to lie on the floor.

{¶ 5} The gunman ordered Ewald to give him all of the money and threatened to shoot if the police showed up. The cash stolen in the robbery included a substantial quantity of change. The New Year's Eve robber wished the victims a happy new year and left the station with approximately $993.09 in cash and change. Immediately after the robber left, the victims called 9-1-1. McDowell conveyed to the 9-1-1 operator that the suspect would be carrying a Shell station bag full of change.

{¶ 6} Shortly thereafter, the responding officers arrived on scene and began reviewing the Shell station's security camera video footage. Around the same time, appellant's co-defendant was observed walking in the vicinity of the gas station and was stopped by officers. Although later found to have been involved in the crime, the co-defendant was ruled out as being the masked gunman based upon review of the video footage. Because a substantial amount of change was stolen in the robbery, the detective

3.

in charge of the investigation examined the available video from the local Kroger Coinstar machine. Although the Coinstar machine had no internal camera, a store camera was positioned in the vicinity of the machine.

{¶ 7} That footage showed a man who the detective determined to be a match of the masked gunman from the Shell robbery. In the Kroger footage, the man is wearing the exact same clothing as the Shell station robber. The video also shows the man filling out a Western Union money order form which was used to send money to a woman in Tennessee, appellant's home state. The form included the sender's address, phone number, and appellant's name, Randal Young.

{¶ 8} Upon discovery of appellant's name and address, the detective called the Memphis Police Department. The detective forwarded the Memphis Police Department the name and photos from the Shell station and Kroger video footage in an email. Memphis Police were familiar with appellant given his criminal history in their jurisdiction. One officer had previously interviewed appellant, and was able to positively identify appellant from the video footage. The Sandusky detective next tracked appellant to the local apartment where he had been staying at since late December.

{¶ 9} On January 5, 2016, a man attempted to break into an ATM machine in Sandusky, Ohio and triggered an alarm on the machine. Police responded to the scene and reviewed the surveillance video from the ATM. The video showed a man trying to break into the ATM with a crowbar. The ATM machine had distinct lime-green paint on its exterior. Detectives identified the ATM thief as the same man in the Kroger and Shell

4.

station security footage. Police also matched footprints near the ATM with the boots appellant wore when he was arrested for the Shell station robbery. When officers searched appellant's apartment they recovered a crowbar with the same distinct lime-green paint as was on the exterior of the ATM.

{¶ 10} On January 6, 2016, during a police interview, the co-defendant denied that he and appellant had any involvement with the Shell station or the ATM robbery. However, on April 10, 2016, the co-defendant entered into a plea agreement. Pursuant to the plea agreement, the co-defendant disclosed that he gave appellant a gun and dropped appellant off near the Shell station on the night of the robbery. He further revealed that appellant returned to their apartment that night and gave him $100 of the stolen money. The co-defendant testified to these events at appellant's trial.

{¶ 11} On December 11, 2015, the jury found appellant guilty on all counts and further determined him to be a repeat violent offender. Appellant was sentenced to a total term of incarceration of 36 years. This appeal ensued.

{¶ 12} In the first assignment of error, appellant argues that trial counsel was ineffective for not objecting to certain evidence and testimony. In support, appellant cites three disputed actions of trial counsel. Appellant claims counsel was ineffective by: (1) failing to object to the detective's testimony regarding the co-defendant's plea agreement; (2) failing to object to testimony about appellant's prior criminal record; (3) failing to object to police identification of appellant in pictures and emails during

5.

testimony. We must determine if appellant has demonstrated that a different outcome would have occurred but for these claimed errors of counsel.

{¶ 13} "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). In *State v. Lytle*, 48 Ohio St.2d 391, 396-97, 358 N.E.2d 623 (1976), the Ohio Supreme Court developed a two-step process to determine if counsel's assistance was ineffective:

First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.

In addition, "[t]he defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

{¶ 14} At trial, appellee presented the videotaped proffer between co-defendant and a detective. In the video footage, the detective said, "I'm going to talk to you about what happened with two incidences [sic] and then that's it, okay? Then the deal – but you have to be completely honest with me, okay? That's part of the deal." Appellant argues

6.

that this improperly bolstered co-defendant's credibility. Appellant cites *State v. Pruett*, 2015-Ohio-1377, 31 N.E.2d 197 (8th Dist.), to argue that "the opinion of a witness as to whether another witness is being truthful is inadmissible." *Id.* However, in *State v. Williams*, 79 Ohio St.3d 1, 679 N.E.2d 646 (1997), the Ohio Supreme Court determined that similar evidence was not bolstering, rather the party was simply "exploring the basis of the plea arrangements." According, appellant has not demonstrated that the outcome of the trial would have been different even if counsel had objected to this evidence.

{¶ 15} Appellant further suggests that counsel was ineffective in failing to object to testimony about his prior criminal record. Our review shows that the introduction of this evidence was necessary in order for the court to evaluate appellant's culpability in the possessing a weapon under disability charge. Nevertheless, even assuming arguendo that counsel erred in not objecting, appellant has not shown the probability of a different outcome but for this claimed error of counsel.

{¶ 16} Lastly, appellant suggests that the police identification of appellant from pictures and emails was improper. We do not concur. The Tennessee police interviewed appellant face-to-face and in close proximity. They had dealings with and were familiar with appellant. The reliability of their identification was supported by ample evidence. Appellant has not shown the probability of a different outcome but for counsel's failure to object to the properly introduced evidence. Wherefore, we find appellant's first assignment of error not well-taken.

7.

**{¶ 17}** In appellant's second assignment of error, he claims the trial court erred in allowing the jury to determine appellant's repeat violent offender status, rather than the determination being performed by the trial court. We concur.

**{¶ 18}** This court previously considered this issue in *State v. Hopkins*, 6th Dist. Erie No. E-10-027, 2011-Ohio-5908. This court held in relevant part, "[T]he RVO specification may properly be made by either the trial court or the jury." *Hopkins* at ¶ 34.

**{¶ 19}** However, subsequent to *Hopkins*, several Ohio appellate districts have reached a contrary decision on this issue. Both *State v. Banks*, 2015-Ohio-5413, 56 N.E.3d 289 (8th Dist.) and *State v. Brown*, 5th Dist. Stark No. 14-CA-102, 2015-Ohio-1006, held that the RVO (repeat violent offender) specification decision must be done by the trial court, rather than by the jury. Notably, the Ohio Supreme Court has declined further review of both of these decisions. Accordingly, our prior holding in *Hopkins* is overruled and we similarly find that RVO specification decisions may not be determined by the jury.

**{¶ 20}** As such, we find that the language of R.C. 2941.149 requires that the trial court, not the jury, make determinations regarding whether one is a repeat violent offender. Wherefore, we find appellant's second assignment of error to be well-taken.

**{¶ 21}** We note that our reversal in this matter is limited to the sentencing finding that appellant is a repeat violent offender. In this case, appellant's prior convictions would have been admissible to prove the possessions of weapons under disability charge pursuant to R.C. 2923.13. We further note that under these circumstances, the finding by

8.

the jury rather than the court that appellant is a repeat violent offender constitutes harmless error as there would have been no reasonable probability that this evidence may have contributed to appellant's underlying convictions. *See State v. Rahman*, 23 Ohio St.3d 146, 151 (1986).

{¶ 22} On consideration whereof, the judgment of the Erie County Court of Common Pleas is hereby affirmed, in part, and reversed, in part. The matter is hereby remanded to the trial court for resentencing with respect to the RVO specification and for further proceedings consistent with this decision. Appellant and appellee are each ordered to pay half of the costs of this appeal pursuant to App.R .24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      

_____
                                    JUDGE
Thomas J. Osowik, J.          

_____
James D. Jensen, P.J.                    JUDGE
CONCUR.

_____
                                    JUDGE