[Cite as *State v. Young*, 2019-Ohio-1815.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-18-035

      Appellee                                  Trial Court No. 2015 CR 0013

v.

Randal T. Young                              **DECISION AND JUDGMENT**

      Appellant                                 Decided:  May 10, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Christopher Clark, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Randal T. Young, appeals from the June 14, 2018 judgment of
the Erie County Court of Common Pleas, where he was sentenced to 36 years of
incarceration for aggravated robbery with a firearm specification, theft with a firearm
specification, two counts of safecracking (one carried a firearm specification), two counts
of felonious assault with firearm specifications, having weapons under disability with a

firearm specification, vandalism, attempted theft, and possession of criminal tools. Finding no error, we affirm.

## Background

{¶ 2} Appellant went on a crime spree on New Year's Eve in 2014. He robbed a gas station at gunpoint, getting away with over $1,000 worth of cash, coins and merchandise, and he also attempted to forcibly open an ATM machine with a crowbar.

{¶ 3} On January 14, 2015, appellee, the state of Ohio, indicted appellant on ten separate counts: aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree (Count 1); theft in violation of R.C. 2913.02(A)(4), a felony of the fifth degree (Count 2); two safecracking violations brought under R.C. 2911.31(A), felonies of the fourth degree (Counts 3 and 7); two felonious assaults in violation of R.C. 2903.11(A)(2), felonies of the second degree (Counts 4 and 5); having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree (Count 6); vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree (Count 8); attempted theft in violation of R.C. 2923.02(A), a misdemeanor of the first degree (Count 9); and possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree (Count 10). Firearm specifications pursuant to R.C. 2941.141 and 2941.145 were charged in the indictment as to Counts 1, 2, 3, 4, 5, and 6.

{¶ 4} On March 11, 2015, appellee filed an additional indictment charging appellant under R.C. 2941.149, with being a repeat violent offender as to Counts 1, 4 and 5.

2.

**{¶ 5}** Appellant pleaded not guilty to the charges, and the court proceeded to a jury trial on December 7, 2015. On December 11, 2015, the jury found appellant guilty on all ten counts, and that he was a repeat violent offender.

**{¶ 6}** At sentencing, the trial court accepted the jury verdicts and sentenced appellant to 36 years in prison. The entry was journalized on December 15, 2015, and appellant timely appealed to this court.

**{¶ 7}** On appeal, we affirmed and reversed in part. We remanded for the sole purpose of resentencing appellant on the repeat violent offender specification. *See State v. Young*, 6th Dist. Erie No. E-16-003, 2017-Ohio-4476 ("*Young I*"), *infra*.

**{¶ 8}** The trial court resentenced appellant to the same 36-year prison term. The judgment was journalized on June 14, 2018. Appellant timely appeals.

## Assignment of Error

**{¶ 9}** Appellant sets forth the following assignment of error:

1. The trial court's submission of the Repeat Violent Offender specification to the jury is reversible error.

## Standard of Review

**{¶ 10}** Appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2), which provides that an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the

3.

sentence is otherwise contrary to law." *See State v Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

## Legal Analysis

{¶ 11} Appellant specifically asserts his sentence is contrary to law because it is not harmless error for a jury to decide whether the offender is a repeat violent offender.

{¶ 12} Appellee contends this assigned error is barred by res judicata and meritless because the issue was raised in, litigated on, and found to be harmless error in the first appeal.

{¶ 13} R.C. 2941.149(B) explicitly states that "[t]he court shall determine the issue of whether an offender is a repeat violent offender."

{¶ 14} We found that this mandate required the court, not the jury, to make the repeat violent offender determination. *See Young I*, 6th Dist. Erie No. E-16-003, 2017-Ohio-4476, ¶ 19, *overruling State v. Hopkins*, 6th Dist. Erie No. E-10-027, 2011-Ohio-5908.

{¶ 15} In *Young I*, appellant in this case challenged the trial court's submission of the repeat violent offender determination to the jury. Appellant specifically argued that "the trial court erred in allowing the jury to determine appellant's repeat violent offender status, rather than the determination being performed by the trial court." *Young I* at ¶ 17.

{¶ 16} We reversed and held that repeat violent offender "specification decisions may not be determined by the jury." *Id*. at 19. We then remanded for the limited purpose of allowing the trial court to clarify that it, and not the jury, made the determination that

4.

appellant was a repeat violent offender. *Id.* at ¶ 21-22. We further determined that the finding by the jury rather than the court that appellant was a repeat violent offender constituted harmless error, as there would have been no reasonable probability that evidence of his prior convictions contributed to his underlying convictions. *Id.* at ¶ 21.

{¶ 17} On remand the trial court reissued its judgment, this time stating in its entry as follows:

The Court finds that proper evidence was presented by the State at trial establishing the defendant is a REPEAT VIOLENT OFFENDER pursuant to Ohio Revised Code 2929.01(CC). Therefore, the Court finds that Defendant is a REPEAT VIOLENT OFFENDER as defined under Ohio Revised Code 2929.01(CC) as to Counts 1, 4 and 5. The Court further finds that the sentence as to the REPEAT VIOLENT OFFENDER specification as defined under Ohio Revised Code 2929.01([CC]) imposed in Counts 1, 4 and 5 shall merge for purposes of sentencing. * * *

Defendant having been found to be a REPEAT VIOLENT OFFENDER, pursuant to R.C. 2929.01([CC]), shall be sentenced to the Department of Rehabilitation and Correction and conveyed to the Lorain Correctional Institution at Grafton, Ohio to be imprisoned and confined for a definite sentence for the additional term of ten (10) years.

**{¶ 18}** We find the trial court has complied with R.C. 2941.149(B) and our judgment in *Young I*, and we accordingly dispose of appellant's assigned error on that ground.

**{¶ 19}** Further, we find that our application of the harmless error doctrine, as shown in *Young I*, was and is still proper.

**{¶ 20}** An error is harmless when it does not affect the accused substantial rights. *See State v. Williams*, 6 Ohio St.3d 281, 287, 452 N.E.2d 1323 (1983). As an example of a similar case applying the harmless error doctrine, we point to *State v. Carlton Banks*, 8th Dist. Cuyahoga Nos. 83782, 83783, 2004-Ohio-4478.

**{¶ 21}** In *Banks*, the Eighth District Court of Appeals specifically found that an error in the record below regarding the repeat violent offender finding was harmless because it had no effect on the outcome or sentence. *Id*. at ¶ 41.

**{¶ 22}** Banks was sentenced to the maximum sentence. *Id*. at ¶ 40. He argued that was imposed based on him being a repeat violent offender, which he correctly noted could not be lawfully imposed because the specification was not stated in his indictment. *Id*. at ¶ 41. The *Banks* appellate court, while recognizing the faulty indictment and the obvious error, found it to be harmless, "given that the [trial] court properly imposed his sentence based on a finding that he committed the worst form of the offense and posed the greatest likelihood to reoffend." *Id*. The court went on stating that either finding, the repeat offender or the worse form finding, would have sufficed to support the sentence.

6.

*See id.*, citing *State v. Portman*, 2d Dist. Clark No. 2001 CA 44, 2002-Ohio-2280. The court thus recognized the error had no effect on the outcome or sentence.

{¶ 23} Although factually distinguishable from *Banks*, in this case the harmless error doctrine applies to the alleged error similarly to its application in *Banks*.

{¶ 24} More specifically, the doctrine is applicable because appellant's Count 6 was for having weapons while under disability in violation of R.C. 2923.13(A)(2), and that made the same evidence admissible to the jury.

{¶ 25} R.C. 2923.13(A)(2), in pertinent part, provides: "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for *or has been convicted of any felony offense of violence*[.]" (Emphasis added.)

{¶ 26} R.C. 2929.01(CC), in relevant part, defines "Repeat violent offender" where the offender "is being sentenced for committing * * * any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree" and previously was convicted or found guilty of this type of offense of violence or attempt thereof.

{¶ 27} Consequently, evidence of appellant's prior violent offense(s) in this case was admissible to the jury for the verdict determination related to Count 6.

{¶ 28} Even assuming arguendo appellant is correct in his assertion that the trial court committed error submitting the violent offender determination to the jury, we find it

7.

did not have an effect on the outcome of appellant's trial. It was unquestionably the jury's assignment to weigh and assess the evidence of appellant's past violent offense(s) to determine if appellant met the necessary element under R.C. 2923.13(A)(2), *supra*. The jury, hence, would view the evidence in any event.

{¶ 29} Accordingly, appellant's claim that a new trial is necessary due to the jury's exposure to appellant's violent past offenses or the resulting taint of the jury making a determination of past violent offender status has no merit. Appellant's sentence was not imposed contrary to law, and his sole assignment of error is not well-taken.

## Conclusion

{¶ 30} The June 14, 2018 judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                  _____
                                                        JUDGE
Thomas J. Osowik, J.                            

Christine E. Mayle, P.J.                       _____
CONCUR.                                                    JUDGE

                                                              _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.