[Cite as *State v. Young*, 2019-Ohio-3819.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

    Appellee

v.

Randal T. Young

    Appellant

Court of Appeals No. E-18-042

Trial Court No. 2015 CR 0013

**DECISION AND JUDGMENT**

Decided:  September 20, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Randal T. Young, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} The defendant-appellant, Randal Young, appeals a June 27, 2018 decision by the Erie County Court of Common Pleas that denied his motion for a new trial.  For the following reasons, we affirm the lower court's judgment.

## Procedural History

{¶ 2} Following a crime spree that included robbing a gas station at gunpoint and attempting to break into an ATM machine, Young was charged with the following offenses: aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree (Count 1); theft in violation of R.C. 2913.02(A)(4), a felony of the fifth degree (Count 2); two safecracking violations brought under R.C. 2911.31(A), felonies of the fourth degree (Counts 3 and 7); two felonious assaults in violation of R.C. 2903.11(A)(2), felonies of the second degree (Counts 4 and 5); having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree (Count 6); vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree (Count 8); attempted theft in violation of R.C. 2923.02(A), a misdemeanor of the first degree (Count 9); and possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree (Count 10). Firearm specifications pursuant to R.C. 2941.141 and 2941.145 were charged in the indictment as to Counts 1, 2, 3, 4, 5, and 6. An additional indictment charged Young under R.C. 2941.149, with being a repeat violent offender as to Counts 1, 4 and 5.

{¶ 3} A jury found Young guilty on all ten counts and that he was a repeat violent offender, and the trial court sentenced him to 36 years in prison. Young appealed the December 15, 2015 judgment, raising two assignments of error. In the first, he cited three instances of ineffective assistance of trial counsel, which we rejected *in toto*. *State v. Young*, 6th Dist. Erie No. E-16-003, 2017-Ohio-4476 ("*Young I*"), ¶ 12 - 16. In his

2.

second assignment of error, Young alleged that the trial court erred in allowing the jury to determine his repeat violent offender ("RVO") status. We agreed with Young that R.C. 2941.149(B) requires the trial court, not the jury, to make the RVO determination. "*Young I*" at ¶ 17-22 (overuling *State v. Hopkins,* 6th Dist. Erie No. E-10-027, 2011-Ohio-5908). We otherwise affirmed Young's conviction, and we remanded the case to the lower court for the sole purpose of resentencing him on the RVO specification. We held,

> [O]ur reversal in this matter is limited to the sentencing finding that [Young] is a repeat violent offender. In this case, [Young's] prior convictions would have been admissible to prove the possessions of weapons under disability charge pursuant to R.C. 2923.13. We further note that under these circumstances, the finding by the jury rather than the court that appellant is a repeat violent offender constitutes harmless error as there would have been no reasonable probability that this evidence may have contributed to appellant's underlying convictions. *See State v. Rahman*, 23 Ohio St.3d 146, 151, 492 N.E.2d 401 (1986).

*Young I* at ¶ 21, *appeal not allowed*, 151 Ohio St.3d 1475, 2017-Ohio-9111, 87 N.E.3d 1272, ¶ 21, and *appeal not allowed,* 152 Ohio St.3d 1411, 2018-Ohio-723, 92 N.E.3d 881 ¶ 21.

{¶ 4} Following our order of remand, the trial court resentenced Young to the same 36-year prison term on June 14, 2018, and Young appealed. In his sole assignment

3.

of error, Young claimed that the trial court's erroneous submission of the RVO specification to the jury amounted to prejudicial, not harmless, error. On May 10, 2019, we affirmed the lower court's resentencing judgment. *State v. Young*, 6th Dist. Erie No. E-18-035, 2019-Ohio-1815, (*"Young II"*), *appeal not allowed,* 156 Ohio St.3d 1478, 2019-Ohio-3148.

{¶ 5} On June 13, 2018, Young filed a "Motion for a New Trial," in the trial court. In the motion, Young reasserted his claims that he was prejudiced by the jury hearing evidence with regard to the "nature" of his prior offenses and that his trial counsel was ineffective for failing to object to that evidence. Young also added a Fourth Amendment claim with regard to a document containing his address and phone number that police obtained from a Western Union branch. According to the record, Young visited a Western Union office within a Kroger grocery store following the robbery and wired money to a woman in his home state of Tennessee. *Young I* at ¶ 7. In his motion, Young claimed that the police could not obtain his Western Union paperwork from Kroger without first obtaining a warrant. On June 27, 2018, the trial court denied Young's motion for a new trial, and he appealed. It is this appeal that is currently before us. Young asserts the following assignments of error:

> **First Assignment of Error**: Appellant received constitutionally ineffective assistance of counsel and was deprived of a fair trial and due process of law as garanteed [sic] by the 14th Amendment of the U.S. Constitution and Section 16, Article 1 of the Ohio Constitution.

4.

**Second Assignment of Error**:  The trial court erred when it allowed evidence obtained from an illegal search and seizure into court violating the 5th [sic] Amendment of the U.S. Constitution, and Article 1, Section 10 of the Ohio Constitution.

**Third Assignment of Error**:  The trial court erred when it allowed the "nature" of the appellant's prior offenses to be submitted to the jury to convict the appellant of "having weapons under disability" which denied the appellant of a fair trial and due process of law as guaranteed by the 14th Amendment of the U.S. Constitution and Section 16, Article 1 of the Ohio Constitution.

## Law and Analysis

{¶ 6} Crim.R. 33(A) provides six grounds upon which a defendant may request a new trial.  Young's motion sought relief under Crim.R. (A)(1) and (5), which provides,

(A)  Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1)  Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; * * *

(5)  Error of law occurring at the trial; * * *.

**{¶ 7}** Crim.R. 33(B) governs the timing for filing such a motion for a new trial. It provides

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

**{¶ 8}** Thus, a motion for leave is a necessary prerequisite for a defendant who wishes to file a Crim.R. 33(A)(1) or (5) motion for a new trial more than 14 days after the jury verdict.[1] *State v. Smith*, 8th Dist. Cuyahoga No. 100588, 2014–Ohio–4799, ¶ 9. To be entitled to leave, the defendant must demonstrate that he was "unavoidably prevented" from making timely application. Crim.R. 33(B). "For purposes of the rule, unavoidably prevented from filing a motion for a new trial means 'the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial

---

[1] A motion for new trial on account of newly discovered evidence (i.e., a motion for new trial pursuant to Crim. R. 33(A)(6)) may be filed, without leave of court, within 120 days after verdict "or the decision of the court where trial by jury has been made." Young's motion is not based upon any purported newly discovered evidence.

6.

in the exercise of reasonable diligence.'" *State v. Quinn,* 6th Dist. Lucas Nos. L-14-1037, L-14-1045, 2014-Ohio-5211, ¶ 14, quoting *State v. Walden,* 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist.1984).  Upon a trial court's finding a motion for leave well-taken, the defendant then has seven days to file a motion for a new trial.

{¶ 9} An appellate court reviews the denial of leave to file a motion for a new trial under Crim.R. 33 under an abuse of discretion standard.  *Quinn* at ¶ 15.  An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} Here, the jury returned its verdict on December 11, 2015.  Young filed a "Motion for a New Trial" on June 13, 2018—more than 30 months after the jury verdict—without first seeking leave to file this motion.  Because Young failed to comply with the necessary procedural steps set forth in Crim.R. 33(B), the trial court properly overruled his motion for a new trial. *See State v. Norman*, 10th Dist. Franklin No. 04AP–1312, 2005–Ohio–5087, ¶ 8 (Defendant's failure to obtain leave of court was a sufficient basis for overruling the motion); *State v. Mir*, 7th Dist. Mahoning No. 12 MA 210, 2013–Ohio–2880, ¶ 12 (Defendant's failure to file a motion for leave is reason enough to sustain the trial court's decision); *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011–Ohio–4092, ¶ 29.

{¶ 11} Even if we were to liberally construe Young's pro se motion as a motion for leave to file a new trial, there are no facts to suggest that he was unavoidably

7.

prevented from filing the motion for a new trial on a timely basis. The facts underlying the claims set forth in his motion, i.e. ineffective assistance of counsel, illegal search and seizure, and prejudicial evidence put to the jury, were all known during the trial. Indeed, Young's first and third assignments of error were the subjects of his direct appeal. We find no clear and convincing proof that that Young was unavoidably prevented from filing a motion within the time provided under Crim.R. 33(B).

{¶ 12} Finally, even if Young could overcome the procedural hurdles, the claims set forth in his motion are all barred by the doctrine of res judicata. Under that doctrine a convicted defendant is barred from litigating issues that were raised or could have been raised at trial or on direct appeal from the judgment of conviction:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 13} To overcome the res judicata bar, a petitioner must present cogent, material evidence found *dehors*, or outside, of the record on appeal. *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).

8.

**{¶ 14}** In his first assignment of error, Young asserts an ineffective assistance of counsel claim. As discussed, Young previously raised an ineffective assistance claim on direct appeal. Although his reasons for now asserting the claim are different than those raised in *Young I*, Young does not rely upon any new evidence dehors the record. Therefore, the doctrine of res judicata bars him from raising this ineffective assistance of counsel claim.

**{¶ 15}** In his second assignment of error, Young alleges that the trial court erred "when it allowed evidence obtained from [the] illegal warrantless search and seizure" of the Western Union document from Kroger. This claim could have been raised on direct appeal, and it is therefore barred by res judicata. *See Perry* at 182. In addition, we note that Young has no standing to assert this challenge. *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L. Ed. 2d 387 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.").

**{¶ 16}** Finally, in his third assignment of error, Young alleges that the trial court erred when it allowed "the nature" of his prior offenses to be submitted to the jury in violation of Crim.R. 404(B). We have previously found that evidence of Young's prior convictions was "admissible to prove the possessions of weapons under disability charge." *Young I* at ¶ 21. Young may not re-litigate that issue. *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 20.

9.

**Conclusion**

**{¶ 17}** We find that the trial court did not abuse its discretion in denying Young's motion for new trial, and Young's assignments of error are not well-taken.  The June 27, 2018 judgment of the Erie County Court of Common Please is affirmed.  Young is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Christine E. Mayle, P.J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.