OPINION AND JOURNAL ENTRY
{¶ 1} On January 6, 2005, Appellant Melvin Hughes filed a pro-se application for reopening his underlying appeal. Although the State argues that this application should be barred by res judicata, we note that Hughes initial application for reopening filed on February 9, 2004 was deemed by this Court to be a motion for reconsideration. Nonetheless, we deny the application for reopening as being untimely.
 {¶ 2} App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 3} Here, the application was filed clearly in excess of the ninety-day limit as our initial opinion was journalized on November 13, 2003. Although in his application Hughes elaborates upon the difficulties he has experienced with his attorney and the appellate process, we note that Hughes realized he needed to take some action on his own at least one year ago and that he is capable of doing so, because he filed a pro-se delayed petition for post-conviction relief in November of 2004. We therefore see no reason why this petition couldn't have likewise been filed long ago.
 {¶ 4} Hughes' failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See State v. Wright (Oct. 28, 2003), 7th Dist. No. 97 CO 35. Accordingly, Hughes application for reopening is denied.
 {¶ 5} Final order. Clerk to serve a copy on counsel of record and appellant pursuant to civil rules.
Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.