OPINION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Clifford Wright, has filed an untimely application to reopen his appeal pursuant to App.R. 26(B). An application for reopening should be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of appellate counsel. App.R. 26(B)(5). However, an application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). If the application is filed more than ninety days after journalization of the appellate judgment, then it must contain "[a] showing of good cause for untimely filing in the application." App.R. 26(B)(2)(b).
 {¶ 2} In this case, our judgment on the merits was journalized on December 7, 2004 in State v. Wright, 7th Dist. No. 03 MA 112,2004-Ohio-6802. Wright did not file his application to reopen his appeal until July 27, 2005, more than seven months later. "[B]efore we can even begin to review whether there is a genuine issue concerning the effectiveness of appellate counsel, we must evaluate whether there exists good cause for the untimely filing." State v. Thompson, 7th Dist. No. 97 JE 40, 2003-Ohio-1607, ¶ 7.
 {¶ 3} Wright claims he did not file a timely application to reopen his appeal since his appellate counsel did not provide him with records from the trial proceedings until February 21, 2005. He believes this is good cause and asks this court to consider whether his appellate counsel was ineffective. But even if this were the case, Wright has failed to explain why he did not file his application to reopen his appeal by Monday, May 23, 2005, the ninety-first day after he received those records. Instead, he delayed filing his application for another two months without attempting to show good cause for the delay. Thus, even if Wright did have good cause for the delay when he discovered this court had issued its opinion, there is no indication of good cause to file two months after that discovery was made. See Thompson at ¶ 9. Wright's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. State v. Hughes, 7th Dist. No. 02 CA 15, 2005-Ohio-1655, at ¶ 4.
 {¶ 4} We would be forced to deny Wright's application to reopen even if he had filed it in a timely manner. In his application to reopen, he claims appellate counsel was ineffective for failing to question whether his conviction for aggravated robbery was against the manifest weight of the evidence or supported by insufficient evidence. However, appellate counsel raised these issues in the sixth error he assigned, Wright at ¶ 45. Likewise, Wright now contends that appellate counsel was ineffective for failing to argue that his conviction for a firearm specification was supported by insufficient evidence, yet this was precisely the third error that appellate counsel assigned. Id. at ¶ 46. Finally, Wright argues that his counsel did not effectively challenge the eye-witness identification of him, but this was the first error which appellate counsel assigned in his brief. Id. at ¶ 26.
 {¶ 5} Wright's application for reopening is untimely. Furthermore, his original appellate counsel made each of the arguments which Wright now claims that counsel never made. Wright has not demonstrated that there is a genuine issue as to whether the applicant was deprived of the effective assistance of appellate counsel. Accordingly, Wright's application to reopen his appeal is denied.
Donofrio, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.