[Cite as *State v. Chapman*, 2020-Ohio-5589.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRIS M. CHAPMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0032**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 1998 CR 257

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Chris M. Chapman, *Pro Se,* # A357-704, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, Ohio 44044, Defendant-Appellant.

Dated: November 25, 2020

_____

**D'Apolito, J.**

{¶1} Pro se Appellant, Chris M. Chapman, appeals from the February 26, 2020 judgment of the Mahoning County Court of Common Pleas, dismissing his pro se petition for postconviction relief without a hearing. On appeal, Appellant asserts the trial court erred in refusing to grant him relief and maintains the court should have held a hearing. The record indicates, however, that Appellant's petition was untimely filed, no exception entitling him to relief was demonstrated, and his claims are barred by principles of res judicata. Accordingly, the trial court properly dismissed Appellant's petition without a hearing and the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} This court set forth the facts and procedural history underlying this matter in Appellant's direct appeal in which he asserted a manifest weight of the evidence argument, *State v. Chapman*, 7th Dist. Mahoning No. 98-CA-111, 2000 WL 1506198 (Sept. 26, 2000):

On September 16, 1997, Paul Hardaway was shot and killed in his home at 436 West Evergreen in Youngstown, Ohio. Testimony at trial revealed that the evening before the crimes, Hardaway and Appellant drove to the east side of Youngstown where Hardaway robbed two individuals of five and one-half ounces of cocaine. (Tr. pp. 266-268). Hardaway and Appellant subsequently returned to Hardaway's home and began a night of alcohol and drug consumption with other friends. (Tr. pp. 268-271). Appellant testified that he left the house between 3:00 a.m. and 4:00 a.m. to see his girlfriend, Cheree Moore, and their child at 412 Cohasset, two blocks from Hardaway's house. (Tr. p. 271-273).

At trial, Gerald Hardaway (Gerald), the victim's brother, testified that Appellant later returned to Hardaway's house where Appellant and the

Case No. 20 MA 0032

Hardaways watched a movie in the bedroom. (Tr. p. 148-149). Hardaway fell asleep on the bed and Appellant left the room stating that he was going to sleep in a chair in another room. (Tr. p. 150). Gerald testified that out of the corner of his eye he saw Appellant re-enter the bedroom and walk to the side of the bed. (Tr. pp. 150-151). Gerald then heard gunshots and ducked under the bed because he believed shots were being fired through the window. (Tr. p. 151). When the gun shots stopped, Gerald looked up to find Appellant standing over him and pointing a gun at him, "(* * *) trying to shoot (him)." (Tr. p. 151). "He was trying to do something, but it would not shoot." (Tr. p. 158). Appellant told Gerald to lay face down, not to move and to give Appellant his money. (Tr. p. 151). Gerald gave Appellant money and crack cocaine and Appellant then searched through Paul's pockets as well as a dresser drawer. (Tr. p. 151-152). Appellant left the room and returned and demanded, "Where's the rest of the money and dope?" (Tr. p. 153). When Gerald stated that he didn't know, Appellant fled. (Tr. p. 153).

Appellant's testimony is somewhat different. According to Appellant, after he left the Hardaway house between 3:00 a.m. and 4:00 a.m., he stayed at his girlfriend's house for several hours. (Tr. p. 272-275). Appellant testified that he telephoned his girlfriend later that day and that she advised him that the police were looking for him as a suspect in the murder. (Tr. p. 276). Appellant fled to Columbus in an attempt to avoid arrest, but was arrested in Youngstown on March 4, 1998.

On April 3, 1998, Appellant was indicted on one count of aggravated murder with prior calculation and design in violation of R.C. § 2903.01(A)(D) with a firearm specification, one count of aggravated murder (felony murder) in violation of R.C. § 2903.01(B)(D) with a firearm specification, one count of aggravated robbery in violation of R.C. § 2911.01(A)(3)(C) with a firearm specification and one count of attempted aggravated murder in violation of R.C. § 2923.02(A)(E) with a firearm specification. Appellant was also indicted on one count of carrying a concealed weapon in violation of R.C. §

2923.12, which charge stemmed from his arrest on March 4, 1998.

Pursuant to Appellant's motion filed on May 4, 1998, the trial court granted Appellant's request to try the concealed weapon charge separately. On May 7, 1998, Appellant waived his right to a jury trial and elected to have this matter heard by the court.

On May 14, 1998, the trial court found Appellant not guilty of aggravated murder with prior calculation and design, guilty of [aggravated] murder with a firearm specification and guilty of aggravated robbery with a firearm specification. The trial court found Appellant not guilty of attempted aggravated murder but guilty of the lesser included offense of attempted murder in violation of R.C. § 2923.02 and § 2903.02 with a firearm specification.

The trial court sentenced Appellant to life imprisonment for aggravated murder plus three years mandatory incarceration on the firearms specification. On the aggravated robbery conviction, the trial court sentenced Appellant to ten years incarceration with an additional mandatory sentence of three years for the firearm specification. On the attempted murder conviction, the trial court sentenced Appellant to ten years incarceration with a mandatory three years for the firearm specification. The court ordered that the sentences for attempted murder be served consecutively to the sentences for aggravated murder as they constituted separate and distinct crimes. However, for sentencing purposes, the trial court merged the firearm specifications on the charges of aggravated murder and aggravated robbery as they were part of the same act or transaction.

*Id.* at *1-2.

{¶3} On September 26, 2000, this court affirmed Appellant's conviction and sentence. *Id.* at *1, 11. On November 21, 2018, Appellant's motion for leave to file a

delayed appeal was denied by the Ohio Supreme Court. *State v. Chapman*, 154 Ohio St.3d 1429, 2018-Ohio-4670.

{¶4} On January 21, 2020, Appellant filed a pro se petition for postconviction relief seeking to vacate or set aside the judgment of conviction or sentence. Appellant raised competency, ineffective assistance of counsel, and evidentiary issues. On February 26, 2020, the trial court dismissed Appellant's petition without a hearing as it was untimely filed under R.C. 2953.21 and 2953.23. Appellant filed the instant appeal and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO CONDUCT A HEARING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AS REQUIRED BY OHIO REVISED CODE §2953.23, ET. SEQ.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DEEMING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF TO BE UNTIMELY, AND REFUSING TO TOLL THE TIME UNDER OHIO REVISED CODE §2953.23, ET. SEQ.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT RELIEF ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.**

{¶5} In each of Appellant's assignments of error, he mainly alleges the trial court erred in denying his pro se petition for postconviction relief without a hearing. Thus, because Appellant's assignments are interrelated, we will address them together.

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C.

2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

"(P)ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 25.

*State v. Smith*, 7th Dist. Mahoning No. 17 MA 0041, 2017-Ohio-7770, ¶ 8-10.

**{¶6}** "A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 7th Dist. Jefferson No. 07 JE 26, 2009-Ohio-3347, ¶ 24. Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an

Case No. 20 MA 0032

appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶7} A petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2) states that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

{¶8} R.C. 2953.23 provides an exception to the 365-day requirement. According to R.C. 2953.23(A)(1), a petitioner may file a delayed petition only if both of the following subsections apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶9} In this case, the trial transcripts were filed on July 6, 1998. Appellant did not file his petition for postconviction relief until January 21, 2020, clearly well beyond the 365-day deadline. *See* R.C. 2953.21(A)(2). Thus, Appellant's petition was untimely filed.

Case No. 20 MA 0032

Therefore, unless Appellant can demonstrate an exception entitling him to relief, his petition is untimely and the trial court was without jurisdiction to consider it. *See* R.C. 2953.23(A)(1)(a)-(b).

{¶10} Upon review, Appellant fails to demonstrate an exception for the delay. Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. *See* R.C. 2953.23(A)(1)(a). Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b). Thus, Appellant's petition does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

{¶11} Additionally, Appellant's claims were raised, or could have been raised on direct appeal. They are, therefore, barred by res judicata. *See Perry, supra,* at 180-181. Because Appellant's pro se petition for postconviction relief was untimely filed, no exception entitling him to relief was demonstrated, and his claims are barred by principles of res judicata, the trial court properly dismissed his petition without a hearing.

{¶12} Accordingly, Appellant's first, second, and third assignments of error are without merit.

## CONCLUSION

{¶13} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas, dismissing Appellant's pro se petition for postconviction relief without a hearing, is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 20 MA 0032

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**