[Cite as *State v. Chapman*, 2021-Ohio-2015.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRIS M. CHAPMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0032**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, and *Atty. Ralph Rivera,* Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Chris M. Chapman, *Pro Se,* #A357-704, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, Ohio 44044, Defendant-Appellant.

Dated: June 11, 2021

**PER CURIAM.**

{¶1}    Appellant, Chris M. Chapman, filed a pro se application requesting that this court reconsider our decision in *State v. Chapman*, 7th Dist. Mahoning No. 20 MA 0032, 2020-Ohio-5589, in which we affirmed the February 26, 2020 judgment of the Mahoning County Court of Common Pleas, dismissing his untimely pro se petition for postconviction relief without a hearing.[1]  Appellant contends that this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

{¶2}    An application for reconsideration must be filed within 10 days of an appellate court's judgment.  App.R. 26(A)(1)(a).  However, a delayed application for reconsideration or for en banc consideration pursuant to App.R. 26(A) is permitted if the moving party can establish "extraordinary circumstances."  App.R. 14(B).

{¶3}    Here, this court decided Appellant's appeal on November 25, 2020.[2] Appellant did not file his motion for reconsideration until March 18, 2021, clearly well-beyond the 10-day timeframe under App.R. 26(A)(1)(a).[3]  Appellant fails to establish "extraordinary circumstances."   In addition, we find no obvious error in this court's decision.

> App.R. 26, which provides for the filing of an application for reconsideration
> in this court, includes no guidelines to be used in the determination of
> whether a decision is to be reconsidered and changed. *Matthews v.
> Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The
> test generally applied is whether the motion for reconsideration calls to the

---

[1] Appellee, the State of Ohio, filed a reply.

[2] The judgment was filed on November 30, 2020.

[3] Appellant claims he did not receive this court's decision until December 30, 2020.  Even assuming arguendo that Appellant's claim is correct, he still did not meet the 10-day timeframe under App.R. 26(A)(1)(a) as he did not file his motion for reconsideration until March 18, 2021.

attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

**{¶4}** In his application, Appellant simply disagrees with this court's analysis and requests that we reconsider our decision affirming the trial court's judgment to dismiss his untimely pro se petition for postconviction relief without a hearing.[4]

**{¶5}** In *Chapman*, 2020-Ohio-5589, this court stated the following:

In this case, the trial transcripts were filed on July 6, 1998. Appellant did not file his petition for postconviction relief until January 21, 2020, clearly well beyond the 365-day deadline. *See* R.C. 2953.21(A)(2). Thus, Appellant's petition was untimely filed. Therefore, unless Appellant can demonstrate an exception entitling him to relief, his petition is untimely and the trial court was without jurisdiction to consider it. *See* R.C. 2953.23(A)(1)(a)-(b).

Upon review, Appellant fails to demonstrate an exception for the delay. Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. *See* R.C. 2953.23(A)(1)(a). Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b). Thus, Appellant's petition does not meet the exceptions

---

[4] Contrary to Appellant's assertion, our decision is not in conflict with any Ohio Supreme Court precedent.

for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

Additionally, Appellant's claims were raised, or could have been raised on direct appeal. They are, therefore, barred by res judicata. *See* [*State v.*] *Perry,* [10 Ohio St.2d 175,] 180-181 [(1967)]. Because Appellant's pro se petition for postconviction relief was untimely filed, no exception entitling him to relief was demonstrated, and his claims are barred by principles of res judicata, the trial court properly dismissed his petition without a hearing.

*State v. Chapman*, 2020-Ohio-5589, ¶ 9-11.

{¶6} Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

{¶7} An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens, supra,* at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

{¶8} For the foregoing reasons, Appellant's untimely pro se application for reconsideration is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

Case No. 20 MA 0032

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**