[Cite as *State v. Reese*, 2024-Ohio-2331.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0130**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 00828 A

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Chief, Criminal Division, for Plaintiff-Appellee and

Lamar Reese, Defendant-Appellant.

Dated: June 17, 2024

**DICKEY, J.**

{¶1}   Pro se Appellant, Lamar Reese, appeals from a judgment of the Mahoning County Court of Common Pleas dismissing his timely pro se petition for post-conviction relief without a hearing.   Because the trial court failed to make findings of fact and conclusions of law as required by R.C. 2953.21, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This court set forth the relevant facts and procedural history underlying this matter in Appellant's direct appeal, *State v. Reese*, 7th Dist. Mahoning No. 14 MA 116, 2016-Ohio-557:

> On September 16, 2011, Aaron Triplett drove his brother Frankie Hudson, Jr., appellant, Jerome Miller, and one other unidentified person to Joshua Davis's house to purchase marijuana. At some point, the plan changed from buying the marijuana from Davis to stealing the marijuana from Davis. According to Triplett, he, appellant, and Hudson all had guns with them but they did not plan to assault Davis. When they arrived at Davis's house, Davis met Triplett and Hudson. The three went through Davis's house and into the garage to weigh the marijuana. Appellant, Miller, and the unidentified person waited in the car. According to Triplett, when he, Hudson, and Davis walked back toward the porch after retrieving the marijuana, they saw appellant standing in the driveway with his assault rifle. Davis began yelling. According to Triplett, Hudson then pulled out his gun and someone started shooting. Triplett saw both appellant and Hudson pointing their guns at Davis. Triplett fled from the scene. Davis died from multiple gunshot wounds.
>
> Triplett initially denied his involvement in the crime. Eventually, however, Triplett admitted his involvement and agreed to help the police in exchange for not being charged with any crimes. As part of his agreement, Triplett had to testify against appellant and Hudson.

A Mahoning County Grand Jury indicted appellant on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(B)(F), and one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C), both with firearm specifications. Hudson was also indicted on aggravated murder and aggravated robbery charges with firearm specifications.

Prior to trial, appellant and plaintiff-appellee, the State of Ohio, entered into a Joint Request for Stipulation of Use of Polygraph Test. Per this stipulation, the parties agreed that appellant would submit to a polygraph test. If appellant failed the polygraph test, then the results of the test would be admissible at trial. If, however, appellant passed the polygraph test, the state would dismiss all charges against him. Appellant took the polygraph test and failed.

Consequently, the matter proceeded to a jury trial. The jury listened to testimony from numerous witnesses including Triplett, who implicated appellant and Hudson. The jury also heard the results of the polygraph test. The jury found appellant guilty as charged.

The trial court subsequently held a sentencing hearing where it sentenced appellant to 20 years to life in prison on the aggravated murder count, ten years on the aggravated robbery count, and three years on the two firearm specifications which the court merged for purposes of sentencing. The court ordered appellant to serve the sentences consecutively for a total prison term of 33 years to life. Appellant filed a timely notice of appeal on August 19, 2014.

*Id.* at ¶ 2-7.

{¶3}   On February 10, 2016, this court affirmed the trial court's judgment.  *Id.* at ¶ 39.

{¶4}   While the direct appeal was pending, on March 23, 2015, Appellant filed a timely pro se petition in the trial court for post-conviction relief seeking to vacate or set

Case No. 23 MA 0130

aside the judgment of conviction or sentence.[1]  On April 7, 2015, the State filed a motion to dismiss Appellant's petition.[2]  On April 10, 2015, the trial court dismissed Appellant's pro se petition without a hearing and without making findings of fact and conclusions of law.  On April 20, 2015, Appellant filed a pro se motion for findings of fact and conclusions of law pursuant to R.C. 2953.21(C) and (G).

{¶5}  Because "the trial court did not respond" and "[s]ince this Postconviction petition judgment is incomplete," Appellant filed a pro se motion on March 1, 2023 for leave to amend the post-conviction petition pursuant to R.C. 2953.21(H) and Crim.R. 35(C).  (3/1/2023 Appellant's Motion for Leave to Amend, p. 2).  On March 21, 2023, the trial court overruled Appellant's motion.

{¶6}  Appellant filed the instant appeal and raises seven assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN NOT NOTIFYING COUNTY PUBLIC DEFENDER THE OPTION TO REPRESENT THE DEFENDANT.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN REFUSING TO ALLOW DEFENDANT TO AMEND POST-CONVICTION PETITION.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO PROPERLY RESPOND TO STATE'S MOTION TO DISMISS.**

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO MOVE FOR SUMMARY JUDGMENT.**

---

[1] Pursuant to R.C. 2953.21(D), trial courts have jurisdiction to hear timely filed petitions for post-conviction relief even while direct appeals are pending.

[2] Appellant filed a pro se response to the State's motion to dismiss on April 16, 2015, six days after the trial court's dismissal.

**ASSIGNMENT OF ERROR NO. 5**

**THE TRIAL COURT ERRED IN NOT PROPERLY CONSIDERING OHIO REVISED CODE ANNOTATED 2953.21(D).**

**ASSIGNMENT OF ERROR NO. 6**

**THE TRIAL COURT ERRED IN DENYING THE POST-CONVICTION PETITION WITH AN ABUSE OF DISCRETION.**

**ASSIGNMENT OF ERROR NO. 7**

**THE TRIAL COURT ERRED IN DENYING THE POST-CONVICTION PETITION WITHOUT FINDINGS OF FACTS AND CONCLUSIONS OF LAW.**

**{¶7}** We will first address Appellant's seventh assignment of error because it is dispositive of this appeal. In his seventh assignment, Appellant argues the trial court erred in dismissing his timely pro se petition for post-conviction relief without making findings of fact and conclusions of law as required by R.C. 2953.21. The State agrees "that a remand to the trial court with instructions to issue its findings of fact and conclusions of law are warranted." (3/28/2024 Appellee's Confession of Judgment).[3]

> Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the

---

[3] The State confesses judgment in favor of Appellant with respect to his "sixth" assignment of error only. (*Id.*) However, it appears the State is actually in agreement with Appellant's seventh assignment of error which specifically deals with the trial court dismissing his timely pro se petition for post-conviction relief without making findings of fact and conclusions of law.

judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

*State v. Chapman*, 7th Dist. Mahoning No. 20 MA 0032, 2020-Ohio-5589, ¶ 5.

> Pursuant to R.C. 2953.21, when a trial court denies a petition for post-conviction relief without a hearing, the trial court shall make and file findings of fact and conclusions of law.[4] The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the grounds on which the trial court reached its decision. *State v. Jacks*, 5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975). The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921.

*State v. Daywon Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263, ¶ 11.

{¶8} In the case at bar, Appellant's pro se petition for post-conviction relief was neither a successive petition nor was it untimely. Therefore, the trial court was required to make findings of fact and conclusions of law pursuant to R.C. 2953.21.

{¶9} The trial court's April 10, 2015 judgment entry states in its entirety:

> Defendant filed a Pro Se Motion to Vacate or Set Aside Judgment of Conviction or Sentence on the 23rd day of March, 2015. The State of Ohio filed a Motion to Dismiss Defendant[']s Petition for Post-Conviction of (sic) Relief on the 7th day of April, 2015.

---

4 *See* R.C. 2953.21(H) ("If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition"); *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6 (a trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief.")

Upon review of this matter the said Defendant[']s Motion is hereby overruled and the Post-Conviction Petition is dismissed.

IT IS SO ORDERED.

(4/10/2015 Judgment Entry).

**{¶10}** Thus, the trial court dismissed Appellant's timely pro se petition for post-conviction relief without a hearing and without making the required findings of fact and conclusions of law. Therefore, this court sustains Appellant's seventh assignment of error and we reverse and remand this matter to the trial court to make findings of fact and conclusions of law.

**{¶11}** On remand, we also direct the trial court to address the appointed counsel issue raised by Appellant regarding not notifying the public defender of the option to represent Appellant in post-conviction petition proceedings. Because Appellant is incarcerated, he stresses that he needs the assistance of counsel so that he can obtain mental health records, get affidavits from Churchill Counseling, Belmont Pines, and the American Polygraph Association in order to bring forth expert testimony on his behalf pertaining to the polygraph and his diagnosis. The trial court shall address the foregoing on remand.

**{¶12}** We need not address Appellant's other issues raised in his remaining assignments of error as they are moot based upon our disposition of Appellant's seventh assignment of error. *See* App.R. 12(A)(1)(c); *Daywon Reese, supra,* at ¶ 14.

## **CONCLUSION**

**{¶13}** For the foregoing reasons, the judgment of the Mahoning County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 23 MA 0130

_____

For the reasons stated in the Opinion rendered herein, Appellant's seventh assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**