[Cite as *State v. Reese*, 2025-Ohio-288.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 14 MA 0116**

---

Application to Reopen

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Lamar Reese, *Pro se*, Defendant-Appellant.

Dated: January 30, 2025

**PER CURIAM.**

{¶1} Appellant Lamar Reese has filed an application to reopen his appeal pursuant to App.R. 26(B). He submits that he was unable to receive a copy of his trial transcript until April 27, 2023 and he raises seven assignments of error that he asserts his appellate counsel should have raised on his behalf. For the following reasons, we deny Appellant's application as untimely filed without good cause.

## Factual and Procedural History

{¶2} Appellant was convicted and sentenced to a total prison term of 33 years to life. He was sentenced to 20 years to life in prison on aggravated murder in violation of R.C. 2903.01(B),(F) and 20 years for aggravated robbery in violation of R.C. 2911.01(A)(1)(C). The court also imposed 3 years in prison for firearm specifications in violation of R.C. 2941.145(A).

{¶3} Appellant filed an appeal of his conviction and sentence. On February 10, 2016, we affirmed Appellant's convictions and sentence in *State v. Reese*, 2016-Ohio-557 (7th Dist.). Appellant appealed to the Ohio Supreme Court, but that Court declined to accept his appeal for review. *State v. Reese*, 2016-Ohio-4606.

{¶4} While Appellant's direct appeal was pending, he filed a timely pro se petition for post-conviction relief in the trial court on March 23, 2015. The trial court dismissed the petition without a hearing and without making findings of fact and conclusions of law. On June 17, 2024, we reversed the trial court judgment denying Appellant's post-conviction relief petition and remanded the case for the trial court to make findings of fact and conclusions of law. *State v. Reese*, 2024-Ohio-2331 (7th Dist.).

{¶5} On November 12, 2024, Appellant filed the instant App.R. 26(B) application to reopen our February 10, 2016 decision affirming the trial court's judgment of conviction and sentence.

## Untimely Filing

{¶6} App.R. 26(B)(1) provides that:

(1) A defendant in a criminal case…may apply for reopening of the appeal from the judgment of conviction and sentence…based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**{¶7}** Appellant acknowledges that his application is untimely. The application was due 90 days from our February 10, 2016 judgment. The instant application was filed on November 12, 2024.

**{¶8}** However, Appellant asserts that good cause exists for filing his untimely application. He submits that he was unable to obtain a copy of the trial transcripts because he lacked sufficient funds to do so and he did not receive a copy of the transcripts from his prior counsel until April 27, 2023.

**{¶9}** Even accepting that he had such difficulties, Appellant fails to explain why he obtained the transcripts on April 27, 2023 and did not file the instant application until over a year-and-a-half later on November 12, 2024.

**{¶10}** In *State v. Wright,* 2005-Ohio-4501 (7th Dist.), we held that a defendant lacked good cause for his untimely filing of an App.R. 26(B) application to reopen when he had filed the application more than five months after he received the trial records from appellate counsel. We issued our judgment on the merits of the appeal on December 7, 2004 and Wright filed his App.R. 26(B) application on July 27, 2005, more than seven months later. *Id.* at ¶ 2. Wright asserted that he received the trial records on February 21, 2005, but he failed to provide good cause for not filing his application to reopen by May 23, 2005, the ninety-first day after he received the records. *Id.* He waited two months after May 23, 2005 to file his App.R. 26(B) application. *Id.* at ¶ 3. We held that Wright failed to demonstrate good cause to excuse his untimely application for reopening.

**{¶11}** Similarly here, we issued our direct appeal decision on February 10, 2016. Appellant asserts that he did not receive the trial transcripts to use in his App.R. 26(B) application from counsel until April 27, 2023. However, he fails to provide good cause for waiting to file his App.R. 26(B) application until nearly two years after receiving the

Case No. 14 MA 0116

transcripts. Accordingly, we deny Appellant's App.R. 26(B) application for his failure to demonstrate good cause for his untimely filing.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**