[Cite as *State v. Perkins*, 2025-Ohio-1387.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TODD W. PERKINS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0054

---

Motion for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Danielle L. Menning*, Columbiana County Prosecutor's Office, Special Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. John P. Laczko*, John P. Laczko, LLC, for Defendant-Appellant.

Dated: April 17, 2025

**PER CURIAM.**

**{¶1}** Appellant Todd W. Perkins has filed an application for reconsideration pursuant to App.R. 26(A)(1), asking this Court to reconsider its February 26, 2025 Opinion and Judgment Entry affirming his convictions and sentence. *State v. Perkins,* 2025-Ohio-634 (7th Dist.). For the following reasons, we deny Appellant's application.

**{¶2}** App.R. 26 allows for the filing of an application for reconsideration, but includes no guidelines in determining whether a decision should be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, (10th Dist. 1981). The test generally applied is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id*. "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.). "'Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.'" *State v. Chapman*, 2021-Ohio-2015, ¶ 3 (7th Dist.), quoting *D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.) (citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996)).

**{¶3}** Appellant contends we applied the wrong standard of review in our Opinion when addressing his first assignment of error. He asserted in his first assignment of error that the trial court erred by failing to remove Prospective Juror Sallaz for cause. He asserts in the instant petition that we mistakenly applied the plain error standard of review because we found that his counsel had not exercised all of his peremptory challenges. He submits that we should have applied an abuse of discretion standard because all of his peremptory challenges were exercised.

**{¶4}** Upon review of the transcript of the voir dire, it appears that counsel did exercise all of Appellant's peremptory challenges. (Tr. at 145, 169, 180, 194). Further, Appellant used one of those peremptory challenges to excuse Prospective Juror Sallaz after the court denied his motion to remove her for cause. (Tr. at 111-113). Accordingly, we mistakenly stated that Appellant had not exercised all of his peremptory challenges.

Case No. 24 MA 0054

**{¶5}** However, we considered and applied the abuse of discretion standard in determining Appellant's assignment of error. *Perkins*, 2025-Ohio-634, at ¶ 23 (7th Dist.). We articulated that standard and the plain error standard of review when a trial court fails to remove a juror on a challenge for cause. *Id.* at ¶ 23. We cited *State v. Cooper*, 2021-Ohio-4057 (11th Dist.), and noted in that case the court applied the plain error standard to review a trial court's overruling of an objection for cause when the defense had not exercised all peremptory challenges. *Id.*, quoting *Cooper* at ¶ 23.

**{¶6}** We then specifically held that "the trial court did not abuse its discretion by failing to remove Prospective Juror Sallaz for cause." *Id.* at ¶ 30. We found Prospective Juror Sallaz's statements during voir dire similar to the jurors' statements in *Cooper*. *Id.* at ¶ 29. While the court in *Cooper* applied a plain error standard, it also held that the trial court did not otherwise err by failing to remove the jurors for cause. *Id.* The appellate court held that while the jurors initially expressed a misunderstanding of the presumption of innocence and were displeased with the presumption, they did not express an intention to disregard the presumption and further discussions revealed they understood the law and would fairly apply it as required. *Id.* at ¶ 25, 26, 29.

**{¶7}** Moreover, we referred to *State v. Lundgren*, 1995-Ohio-227, ¶ 10, where the Ohio Supreme Court held that the trial court did not abuse its discretion when it failed to remove jurors for cause after the defendant asserted they were unable to consider mitigation. The Court also rejected the defendant's assertion that other jurors were unable to afford him the presumption of innocence. The Court held that while the jurors made statements in voir dire that they could not consider mitigation or they had impressions the defendant was guilty and had difficulty with the burden of proof, further discussions showed they agreed to apply the law as required and their feelings were not what the law required of them. *Id.*

**{¶8}** In our Opinion, we found similarities between the statements made by Prospective Juror Sallaz and the jurors in *Cooper* and *Lundgren*. *Perkins,* 2024-Ohio-634, at ¶ 29 (7th Dist.). We cited Prospective Juror Sallaz's expression of difficulty understanding the presumption of innocence and that she was displeased with that presumption. *Id.* However, we reasoned that her interjection into the voir dire discussions with Prospective Juror Fox demonstrated that she understood the presumption of

innocence and that Appellant did not have to prove his innocence, but the State had to prove its case against him. *Id.* at ¶ 30, citing Tr. at 116. Accordingly, we applied the abuse of discretion standard of review.

**{¶9}** Accordingly, we addressed Appellant's claim of error in our Opinion. We articulated the abuse of discretion standard of review and we applied that standard. While we reviewed the plain error standard of review as well, we alluded to it after applying the abuse of discretion standard. Further, no miscarriage of justice exists because Appellant's assignment of error was reviewed under both standards and the result was the same. *See Chapman*, 2021-Ohio-2015, at ¶ 3 (7th Dist.), quoting *D.G. v. M.G.G.*, 2019-Ohio-1190, at ¶ 2 (7th Dist.) (citing *Owens*, 112 Ohio App.3d at 336 (11th Dist. 1996)).

**{¶10}** For these reasons, Appellant's application for reconsideration is denied.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**